IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MARK WAX,** | ) | **CASE NO. 1:07CV3253** |
| | ) | |
| **PLAINTIFF,** | ) | **JUDGE KATHLEEN O'MALLEY** |
| | ) | |
| **v.** | ) | **JUDGE GREG WHITE** |
| | ) | |
| **STEIN WORLD, L.L.C.,** | ) | **REPORT &** |
| | ) | **RECOMMENDATION** |
| **DEFENDANT.** | ) | |

On October 31, 2007, Defendant, Stein World, LLC, filed a motion to Dismiss or Transfer for Lack of Venue. (Doc. #4.) The motion was fully briefed. Judge Kathleen M. O'Malley referred the matter to the undersigned Magistrate Judge for a report and recommendation.

For reasons set forth below, the Magistrate Judge recommends Defendant's Motion to Dismiss under Fed. Rules of Civ. P. 12(b)(3) be DENIED and Defendant's alternate motion to transfer to the Western District of Tennessee pursuant to 28 U.S.C. § 1406 or 28 U.S.C. § 1404(a) also be DENIED.

**I. Procedural Background.**

On September 5, 2007, Mark Wax, ("Wax") Plaintiff, filed a complaint in the Cuyahoga County Court of Common Pleas stating five state law claims allegedly arising out of an Employment Contract with Stein World, LLC, ("Stein World") Defendant.[1] On October 22, 2007, Stein World removed the action to this Court based on complete diversity of citizenship between the parties. Plaintiff is a citizen of Cuyahoga County, Ohio, and Defendant is a Tennessee corporation with its principal place of business in

---

[1] The five state law claims include breach of contract, breach of implied contract, promissory estoppel, unjust enrichment and fraud.

Memphis, Tennessee. The amount in controversy exceeds $75,000.00.

On October 31, 2007, Stein World filed its Answer along with a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(3) arguing that this Court is not the proper venue for the action. In the alternative, Stein World argued that the case should be transferred to a more convenient district pursuant to 28 U.S.C. § 1404(a)[2] or 28 U.S.C. § 1406.

## II. Facts.

Wax, a resident of Cuyahoga County, Ohio, engaged in negotiations with Stein World regarding a sales representative position. Stein World is a wholesaler of specialty furniture and its corporate headquarters is located in Memphis, Tennessee. Throughout the negotiations, Wax resided in Rocky River, Ohio, while David McIntosh, the Chief Operations Officer for Stein World, and Andy Stein, the President of Stein World, lived and maintained an office in Memphis, Tennessee. (Gatley Affid. ¶¶ 5-7.)

On October 12, 2005, Wax alleges that he entered into an Employment Contract with Stein World. (Complaint ¶ 3.) Wax executed the Employment Contract in Ohio. Stein World allegedly agreed that Wax could work from his home in Rocky River, Ohio and that Stein World would pay the costs to furnish and setup Wax's home office. (Complaint ¶ 16; Exh. A.)

On October 16, 2005, Wax attended a trade show in High Point, North Carolina at the request of Stein World. (*Id.*) On October 23, 2005, Stein World, for reasons that are not entirely clear, terminated Wax.[3] (Complaint ¶ 17.)

---

[2]Although Stein World did not incorporate § 1404(a) in the body of its motion, it did advance an argument for transfer under that section in its attached Memorandum of Law.

[3]Stein World states that Marsh and McIntosh made the decision to terminate Wax while at the trade show in North Carolina. (See Gatley Affid. ¶ 10.)

### III. Standard of Review 12(b)(3) - Motion to Dismiss.

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss a complaint "for improper venue." On a 12(b)(3) motion to dismiss, "the plaintiff bears the burden of proving that venue is proper. The Court may examine facts outside the complaint but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff." *Audi AG & Volkswagen of America, Inc. v. Izumi*, 204 F.Supp.2d 1014, 1017 (E.D .Mich. 2002) (citations omitted). If the Court finds that venue is improper, the case may be dismissed or transferred to the district in which it could have been brought. 28 U.S.C. § 1406(a). "[W]hether to dismiss or transfer is within the district court's sound discretion...." *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir.1998); *Gone To The Beach, LLC v. Choicepoint Services, Inc*., 434 F.Supp.2d 534 (W.D. Tenn. 2006).

### IV. Law & Analysis.

**A. Venue**.

Stein World moves to dismiss the complaint on the grounds of improper venue, citing to 28 U.S.C. § 1406(a)[4] as authority.

Stein World argues that because jurisdiction is based on diversity, the case should have been filed in the "judicial district in which a substantial part of events . . . [gave] rise to the claim occurred . . . ." 28 U.S.C. § 1391(a)(2). Because the case was not filed in the district where a substantial portion of events occurred, Stein World contends that venue is improper; and that pursuant to 28 U.S.C. § 1406, the case should be dismissed or transferred.

Stein World's venue argument fails after considering that the only venue into

---

[4]28 U.S.C. § 1406(a) states: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

which a state court action may be removed is statutorily dictated by 28 U.S.C. § 1441(a).[5] *Kerobo v. Southwestern Clean Fuels, Corp*, 285 F.3d 531, 535 (6th Cir. 2002). There is only one federal venue into which a state court action may be removed, and that is in the statutorily dictated "district court . . . for the district and division embracing the place where [the state court] action [was] pending." 28 U.S.C. § 1441(a); *see also PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc.*, 138 F.3d 65, 72 (2d Cir. 1998) ("[A] party may challenge removal as itself improper, or as having been made to the wrong district court if the case was removed to a district court other than that 'embracing' the state court in which the action was brought, but one may not challenge venue in the district court as of right, according to that district court's venue rules, as if the case had originally been brought there. A party may nonetheless request a discretionary transfer to a more convenient district court forum under the transfer provision." (*Citing Polizzi v. Cowles Magazines, Inc*., 345 U.S. 663, 665-66 (1953) (internal citations omitted))). Therefore, if venue is proper under the statute, a motion to transfer for improper venue will not lie. *Kerobo*, 285 F.3d at 536.

Stein World, in its Reply memorandum of law, continues to advance the argument under § 1406(a) without addressing *Kerobo*, a case Plaintiff raised in his opposition brief. This Court considers *Kerobo* controlling, and, therefore, recommends that Stein World's Motion to Dismiss, or in the alternative to Transfer under § 1406(a) be denied. Here, Stein World removed the case from the Cuyahoga County Common Pleas Court to the proper federal district court. As removal was to the appropriate district court, venue is proper.

---

[5] 28 U.S.C. § 1441(a) states: ". . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

**B. Motion for Transfer Pursuant to 28 U.S.C. § 1404(a).**[6]

The statute that governs transfers is 28 U.S.C. § 1404(a) which states in pertinent part:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. §1404(a)

In determining whether a transfer under § 1404(a) is appropriate, the district court must weigh several categories of factors, including case-specific factors such as the convenience of parties and witnesses, public-interest factors and private concerns falling under the heading "the interest of justice."  *Kerobo v. Southwestern Clean Fuels Corp.*, 285 F.3d 531 (6th Cir. 2002); *H.K. Enterprises, Inc. v. Royal Int'l Ins. Holdings, Ltd.*, 766 F.Supp. 581, 583 (N.D. Ohio 1991).  The private factors include:

(1) the relative ease of access to sources of proof;
(2) the availability of compulsory process for attendance of unwilling witnesses;
(3) the cost for obtaining attendance of willing witnesses;
(4) the possibility of inspecting the premises, if appropriate; and
(5) all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Id.* at 584. (*Quoting Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) (decided under the higher *forum non conveniens* standard, superseded by § 1404.)

The public interest factors include:

(1) administrative difficulties of courts with congested dockets which can be caused by cases not being filed at their origin;
(2) the burden of jury duty on members of a community with no connection to the litigation;
(3) the local interest of having localized controversies decided at  home; and

---

[6]As stated in Footnote 2, Stein World did not incorporate § 1404(a) in the body of its original motion but did advance the argument in its attached Memorandum of Law.  Since Wax also briefed this section, the Court will consider it on the merits.

>> (4)   the appropriateness of having diversity cases tried in a forum which is familiar with the governing law.

*Id.* at 584.

As to evaluating the other factors set out in *Gilbert*, it is clear that no one factor is determinative; the "central focus of the . . . inquiry is convenience. . . ." *Stewart v. Dow Chemical Co.*, 865 F.2d at 106 (6th Cir. 1989) (*citing Piper Aircraft Co. V. Reyno*, 454 U.S. at 257. Witness convenience is one of the most important factors in determining whether to grant a motion to change venue under § 1404(a). *Thomas v. Home Depot, U.S.A., Inc*., 131 F.Supp.2d 934, 937 (E.D. Mich. 2001), *citing Hunt v. Taca Int'l Airlines, S.A.,* 1994 U.S. Dist. LEXIS 8464, No. 93-3723 (E.D. La. June 22, 1994). In weighing the convenience of the witnesses, more important than the raw numbers of witnesses living in a particular jurisdiction is the residence of the key witness or witnesses. *Thomas*, 131 F.Supp. at 937, *citing SMI-Owen Steel Co., Inc. v. St. Paul Fire & Marine Ins. Co.*, 113 F.Supp.2d 1101, 1105 (S.D. Tex. 2000). One main witness' convenience, in fact, may outweigh the convenience of other, less significant witnesses. *Id*. A court may also consider the relative financial status of the parties in considering a motion to transfer. *U.S. ex rel Grand v. Northrop Corp*., 811 F.Supp. 330, 332, *citing AMF, Inc. v. Computer Automation, Inc*., 532 F.Supp. 1335, 1343, 1344 (S.D. Ohio 1982). Additional factors to be considered when evaluating whether a transfer is appropriate under § 1404(a) include "the nature of the suit; the place of the events involved; . . . and the residence of the parties." *Midwest Motor Supply Co., Inc*., 761 F.Supp. at 1318.

The Court should also give "great" or "substantial" weight to the Plaintiff's choice of forum when considering whether to transfer a case under § 1404(a). *Picker Intern., Inc. v. Travelers Indem. Co.*, 35 F.Supp.2d 570, 573 (N.D. Ohio 1998); *Central States, Southeast & Southwest Areas Health & Welfare Fund v. Guarantee Trust Life Ins. Co.*, 8 F.Supp.2d 1008, 1010 (N.D. Ohio 1998). Numerous courts have analyzed the weight to give a plaintiff's choice of forum when that choice is challenged by a § 1404(a) motion.

See *West American Ins. Co.*, 908 F.2d 974, 1900 WL 104034 at *2 ("Foremost consideration must be given to the plaintiff's choice of forum."); *Nicol v. Koscinski*, 188 F.2d 537 (6th Cir. 1951) ("[U]nless the balance is strongly in favor of the defendant the plaintiff's choice of forum should rarely be disturbed."); *Picker*, 35 F.Supp.2d at 573 (Wells, J.)("[P]laintiff's choice of forum must be given 'great weight' when considering whether to transfer venue under § 1404(a)."); *Central States*, 8 F.Supp.2d at 1010 (Katz, J.) ("A plaintiff's choice of forum is generally entitled to be given substantial weight."); *United States ex rel. Roby v. Boeing* Co., No. C-1-95-375, 1998 WL 54976, at *3 (S.D. Ohio Jan. 21, 1998) (Spiegel, J.) ("Given that the balance does not strongly favor [Defendant], we are reluctant to disturb Plaintiff's choice of forum."); *Jeffrey Mining Prods.*, 992 F.Supp. 937, 938 (N.D. Ohio 1997)(Gwin, J.) ("[T]he plaintiff's choice of forum is entitled to 'great weight.'")

Because Stein World is the party requesting the transfer, "it bears the burden of proof to show the factors weigh 'strongly' in favor of transfer." *Picker Inter, Inc*. at 573 (citing *Bacik v. Peek*, 888 F.Supp. 1405, 1414 (N.D. Ohio 1993); see also *Jeffrey Mining Prods. v. Left Fork Mining Co.*, 992 F. Supp. at 938. ("For a proper transfer in the Sixth Circuit, the balance of all relevant factors must weigh 'strongly in favor of transfer.'").

Stein World argues that the factors favor transfer for the following reasons: first, the Tennessee District Court is an appropriate venue as it has jurisdiction over the subject-matter of the case; second, the plaintiff's choice of forum "has minimal value where none of the conduct complained of occurred in the forum selection by the plaintiff." *Neff Athletic Lettering Co. v. Walters*, 524 F.Supp. 268, 272 (S.D. Ohio 1981). As to the private interests of the litigants, Stein World argues that a Tennessee forum would provide the greatest ease of access to proof in the case. It argues that a number of material witnesses, including Mr. Stein who interviewed Wax, and Mr. McIntosh, who participated

7

in the decision to terminate Wax, both live and work in Memphis, Tennessee.[7] It also points to the cost benefits of transferring the case to Tennessee (as to access to documentary evidence and reduced witness fees and travel expenses). Stein World also contends that the operative facts relevant to the case occurred in Tennessee or North Carolina. Lastly, Stein World states that the public interests favor transfer to Tennessee as proceeding with the case in Ohio would impose an unnecessary burden in addressing the claim to which Ohio has no interest; whereas, the outcome of the case is important to the citizens of Tennessee.

Wax, on the other hand, argues that he is entitled to the presumption in favor of his choice of forum. Furthermore, as to the operative facts relevant to the case, Wax states that he was physically located in Ohio for much of the negotiations, including when he signed the Employment Contract. He claims that by the terms of the contract, he was to become an Ohio-based employee, working primarily out of his home office in Rocky River. In addition, Wax suggests he would have the burden of arranging absences from his current employment while he litigates this action. Wax also argues that the potential witnesses Stein World refers to are employees of the Defendant corporation; and, that while it may be inconvenient for them to travel to Ohio, it is unlikely that they would be unwilling or unable to act as witnesses. As to the public interests, Wax contends that Ohio is favored because it has a clear interest in protecting rights of a resident who negotiated to work within the state for a foreign corporation. He argues that he and his family were the foremost parties affected by this matter. Also, other Ohioans who work locally for foreign corporations may have an interest in the result.

First, the Court must determine whether Wax could have initially filed his complaint in the Western District of Tennessee. Pursuant to 28 U.S.C. § 1391(a)(2), a

---

[7]Stein World also refers to a Mr. Marsh who was present when Wax was terminated, but the Court is not told where he resides.

civil action based on diversity may be brought in a district in which a substantial part of the events occurred. Upon reviewing the face of the complaint, the Court finds that Wax could have filed his complaint in the Western District of Tennessee.

Relevant events occurred in both Ohio and Tennessee. The alleged Employment Contract and supporting paperwork can easily be located in either Ohio or Tennessee as the initial communications between Wax and Stein World were made via long-distance methods. Therefore, these factors appear to be of equal weight. The public-interest factors also appear to be of equal weight. The Court is not aware of any possibility of prejudice in either forum, and the practical problems associated with trying the case expeditiously and inexpensively in Ohio are minimal.

The main factors that weigh in Stein World's favor are that the corporate witnesses live and/or maintain offices in Tennessee and that the corporation's documentary evidence is located there.

Wax has chosen Ohio as its forum, a decision which this Court should afford great weight and which Stein World has not sufficiently rebutted. Wax points to the facts that he was physically located in Ohio for much of the negotiations, including when he signed the Employment Contract. Also, he was to be an Ohio-based employee, working primarily out of his home office in Rocky River. Furthermore, at trial, he would likely also be a main witness. If the forum were transferred, he would have the added burden of absence from his current employment. These factors all weigh in favor of Wax.

For these reasons, Stein World has not met its burden of showing that the balance of all relevant factors weighs strongly in favor of transfer.

### V. Conclusion.

For the above reasons, the Court recommends that Stein World's Motion to Dismiss, or in the alternate, its Motion to Transfer for Lack of Venue be DENIED.

                                                    /s/ Greg White
                                                  U.S. Magistrate Judge

Date: May 2, 2008

**OBJECTIONS**
**Any objection to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn*, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).**